```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,                              MEMORANDUM AND ORDER
AFL-CIO, LOCAL UNION NO. 3,
                                                    Case No. 1:17-cv-5357
                    Petitioner,

    -against-

CHARTER COMMUNICATIONS
INC., SUCCESSOR TO TIME
WARNER CABLE OF NEW YORK
CITY LLC,

                    Respondent.
------------------------------------------------x
```

*Appearances*:                                  *For the Respondent*:
*For the Petitioner*:                           KENNETH A. MARGOLIS
MARTY GLENNON                                   Kauff McGuire & Margolis LLP
PAUL K. BROWN                                   950 Third Avenue, 14th Floor
Archer, Byington, Glennon &                     New York, New York 10022
Levine, LLP
1 Huntington Quadrangle, Suite 4C10
P.O. Box 9064
Melville, New York 11747

**BLOCK, Senior District Judge:**

      Respondent Charter Communications, Inc., successor to Time Warner Cable of New York City LLC ("Charter"), moves to confirm the arbitration award issued on May 21, 2021, awarding Charter $968,195.00 (the "Award"). Petitioner International Brotherhood of Electrical Workers, ALF-CIO, Local No. 3 ("Local 3"

1

or the "Union") makes a cross motion to vacate or modify the Award. For the following reasons, Charter's motion is denied, and the Union's motion is granted in part.

## I.

The Court will assume the parties are familiar with the facts of the case prior to the arbitration decisions. After the District Court's grant of summary judgment and order for arbitration, *Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. Union No. 3 v. Charter Commc'ns, Inc.*, 286 F. Supp. 3d 465 (E.D.N.Y. 2018), and the Circuit Court's affirmance in October 2019, *Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. Union No. 3 v. Charter Commc'ns, Inc.*, 789 F. App'x 254 (2d Cir. 2019), the parties engaged in arbitration with Susan Mackenzie (the "Arbitrator"). The proceedings were bifurcated: The issue of liability was decided on January 30, 2020 and, after a delay due to the COVID-19 pandemic, the decision on damages was issued on May 21, 2021. These motions followed. The liability decision is not contested.

## II.

The Union seeks to vacate or, in the alternative, to modify the Award because 1) the Arbitrator exceeded the scope of her authority by extending the strike period from three days to four days, and 2) the damages formula was not "drawn from the essence of the contract" and was made "in manifest disregard for the law," as it did not account for alleged savings to Charter during the strike, resulting in a windfall.

Pet.'s Mem. in Supp. at 12-19.

Arbitrators in labor disputes are given an "exceptionally high degree of deference." *Loc. Union No. 38 v. Hollywood Heating & Cooling, Inc.*, 88 F. Supp. 2d 246, 251 (S.D.N.Y. 2000), *aff'd sub nom. Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL CIO v. Hollywood Heating & Cooling, Inc.*, 1 F. App'x 30 (2d Cir. 2001). And thus, a party seeking to vacate bears the burden of proving the conditions of vacatur are met. *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200 (2d Cir. 2002).

An award may be vacated where the arbitrator's scope of authority is exceeded, *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 526–27 (2d Cir. 2005) (citing 9 U.S.C.A. § 10(a)(4)), or where the award is made in manifest disregard of the law. *New York Tel. Co. v. Commc'ns Workers of Am. Loc. 1100, AFL-CIO Dist. One*, 256 F.3d 89, 91 (2d Cir. 2001).

### a. The Strike Period

Here, the Arbitrator's authority was circumscribed by orders from the District Court and Circuit Court, which significantly narrowed the issue for arbitration. *See Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) (arbitration submissions "serve[] not only to define, but to circumscribe, the authority of arbitrators.") .

The District Court's decision stated that "the parties agree that on March 31, 2017, the no-strike obligation was not in force, so the contested strike period up for

arbitration on claimed damages by Charter is ***three days***." 286 F. Supp. 3d at 467 (emphasis added). The Circuit Court did not modify the District Court's circumscription of the issues. *See* 789 F. App'x at 256. n.1.

The Arbitrator's liability award confirmed the courts' time frame. "[T]he issue before the Arbitrator as framed in the April 14, 2017 Arbitration Demand and as addressed in the related District Court and Court of Appeals decisions is straightforward in the context of this record." Jan. 20, 2020 Liability Award at 6; *see also id.* at 7 ("by participating in a strike from March 28-March 30, 2017…"). It continued, "[t]he Union's submissions in this proceeding as well as the decisions of the courts in related proceedings confirm that the Union did engage in a strike on March 28, 29 and 30, 2017, and that the 2017 Memorandum of Agreement between the parties was in effect on those ***three dates***." *Id.* at 6 (emphasis added). "Pursuant to Section 31, the parties were prohibited from striking, or encouraging strikes, during the contract term ***ending on March 31, 2017***." *Id.* at 7 (emphasis added).

However, in her damages award, the Arbitrator added March 31 to the strike period. May 21, 2021 Damages Award at 5 ("[T]he time frame for purposes of assessing damages in this proceeding is March 28, 29, 30 and 31, 2017…."). Damages, like liability, should have been calculated only for March 28, 29, and 30, 2017. By adding the additional day, the Arbitrator exceeded her authority as defined by the District Court and Circuit Court.

4

### b. The Damages Formula

The Arbitrator's calculation method is drawn from the essence of the contract. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (an award is legitimate if it "draws its essence from the collective bargaining agreement, and is not merely [the arbitrator's] own brand of industrial justice...."). The Arbitrator used the damages formula from a 2015 arbitration between the parties ("Brent Damages Formula"). May 21, 2021 Damages Award at 5-6, 8 (citing *Safeway Stores, Inc.*, 75 Lab. Arb. (BNA) 798 (Madden, 1980)). The Union argues that she failed even to properly use the Brent Damages Formula, but that is not a basis for vacating an award. *See Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199,* 116 F.3d 41, 44–45 (2d Cir.1997) ("Internal inconsistencies in the opinion are not grounds to vacate the award notwithstanding the [party]'s plausible argument that the arbitrator's decision was misguided . . .").

The Union did not establish that the Arbitrator had shown a manifest disregard for the law when declining to offset the Award by Charter's alleged savings.

Accordingly, the Court confirms the damages formula used for the Award.

### III.

Because the Court finds that the Arbitrator did exceed her authority by altering the strike period, it must determine how the Award should be modified. Rather than order a reconsideration of the Award by a new arbitrator—as the Arbitrator has since

5

retired—the Court will assume Charter's reported damages were spread evenly over the four days and reduce the Award by 25% to $726,146.25.

## CONCLUSION

For the foregoing reasons, Charter's motion is DENIED, and the Union's motion is GRANTED in part. The Award is modified to reflect a three-day strike period.

**SO ORDERED.**

                                                                 /S/
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
November 4, 2021